Filed 12/9/13  P. v Proctor CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES SYLVESTER PROCTOR,<br><br>    Defendant and Appellant. | B245973<br><br>(Los Angeles County<br>Super. Ct. No. BA390864) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Patricia Schnegg, Judge.  Affirmed.

James Sylvester Proctor, in pro. per., and David Blake Chatfield, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

James Sylvester Proctor was shot during a confrontation with police in which he threatened three officers with a meat cleaver. Proctor was arrested and charged in an information with three counts of assault with a deadly weapon on a peace officer (Pen. Code, § 245, subd. (c))[1] and one count of exhibiting a deadly weapon to resist arrest (§ 417.8) with special allegations he had suffered one prior serious or violent felony conviction within the meaning of section 667, subdivision (a)(1), and the three strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had served 13 prior separate prison terms for felonies (§ 667.5, subd. (b)). Represented by counsel, Proctor pleaded not guilty and denied the special allegations.

The trial court granted Proctor's motion for discovery of police personnel records (Evid. Code, § 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531), reviewed the records at an in camera hearing and found discoverable information, which was provided to Proctor.

On the day trial was to begin, Proctor waived his rights to a jury trial and entered a plea of no contest to one count of assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted he had suffered a prior strike conviction. The plea was part of a negotiated agreement that Proctor would be sentenced to an aggregate state prison sentence of four years and the remaining counts and special allegations would be dismissed. At the time he entered his plea, Proctor was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Defense counsel joined in the waivers of Proctor's constitutional rights. The trial court expressly found Proctor's waivers and plea were voluntary, knowing and intelligent.

The trial court sentenced Proctor to a four-year state prison term, consisting of the two-year lower term doubled under the three strikes law in accordance with the plea agreement. The court awarded Proctor presentence custody credit of 692 days (346 actual days and 346 days of conduct credit). The court ordered Proctor to pay a $40 court security fee, a $30 criminal conviction assessment and a $240 restitution fine. The

---

[1]     Statutory references are to the Penal Code unless otherwise indicated.

2

court imposed and suspended a parole revocation fine pursuant to section 1202.45. The remaining counts and special allegations were dismissed.

Proctor filed a notice of appeal in which he checked the preprinted boxes indicating his appeal was "based on the sentence or other matters occurring after the plea" and "the denial of a motion to suppress evidence" and "challenged the validity of the plea or admission."[2] The trial court denied Proctor's request for a certificate of probable cause, in which he asserted he had been denied his speedy trial rights, convicted by "false evidence," and provided ineffective assistance of counsel.

After examination of the record, counsel filed an opening brief in which no issues were raised. On August 26, 2013 we advised Proctor he had 30 days within which to personally submit any contentions or issues he wished us to consider. On September 3, 2013 we received a handwritten letter in which Proctor asserted the police never read him his "*Miranda* rights" following his arrest and, from what we can determine, Proctor also claimed the evidence was insufficient to support his conviction.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) To the extent Proctor is challenging the

---

[2]      Proctor's notice of appeal was filed on December 28, 2012, which was 66 days after entry of the judgment. (See Cal. Rules of Court, rule 8.308 (a) [notice of appeal must be filed within 60 days after rendition of judgment or making of order being appealed].) Nonetheless, because Proctor was a state prison inmate acting in propria persona, the "prison-delivery rule" applies. In this case, the last day in which Proctor could properly file his notice of appeal was Monday, December 24, 2012 (the 60th day actually fell on Saturday, December 22, 2012, extending the filing deadline to Monday, December 24, 2012). Proctor signed the notice of appeal and request for a certificate of probable cause on December 23, 2012, gave the documents to prison officials, who mailed them on or about December 24, 2012, according to the postmark on the envelope addressed to the Superior Court. Consequently, under the prison-delivery rule (*In re Jordan* (1992) 4 Cal.4th 116, 130; see Cal. Rules of Court, rule 8.25(b)(5)), the notice of appeal and request for a certificate of probable cause are deemed to have been filed on December 24, 2012; they are, therefore, timely.

3

validity of his plea and his sentence imposed as part of his plea, his appeal is inoperative. Furthermore, he did not file a motion to suppress evidence.  With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Proctor's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.


                                                        PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4